(24 Misc. Rep. 333.)

## LAWRENCE v. SMITH et al.

(Supreme Court, Special Term, Queens County. July, 1898.)

1. TOWNS—LIGHTING DISTRICTS.

Under Laws 1896, c. 309, authorizing towns to establish lighting districts outside their limits, a town board cannot include therein territory within an incorporated village.

2. SAME—POWER OF COURT TO SEPARATE.

Under Laws 1896, c. 309, authorizing towns to establish lighting districts outside their limits, where a town board includes in a district so formed territory within the limits of an incorporated village, the court has no power to separate the district, and form a new one properly belonging to the town.

3. SAME.

Conceding that the court had power to separate the district, and form a new one out of the territory belonging to the town, it could not do so unless the legal and illegal territory were so independent of each other that the court could conclude that the town board would have established the district out of the legal territory.

Action by John L. Lawrence against George W. Smith and others to annul the action of the town board of the town of Hempstead, Queens county, in establishing a lighting district, and making a lighting contract therefor for 10 years, part of the territory included being within the incorporated village of Lawrence. Judgment for plaintiff.

W. S. Cogswell, for plaintiff.

H. A. Monfort, for defendants.

GAYNOR, J. The town board had no power to include any part of the territory of an incorporated village in the district. Laws 1896, c. 309. Its action in establishing the district and making the contract is therefore void. The court has not the power to separate the district and set up a new one. The assessments upon property in such new district to pay the expense of the lights would be as void as similar assessments laid within the present district. And even if the court had the power to separate the good from the bad in the resolution of the town board establishing the district, it could not do so unless they are so independent of each other that the court could see and say that the town board would have exercised its discretion to pass the resolution with the bad left out, as is the rule in respect of statutes void in part. In re Kenny, 23 Misc. Rep. 14, 49 N. Y. Supp. 1037, and cases cited.

Judgment for the plaintiff with costs.